IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASSANDRA BAKER | : | CIVIL ACTION |
| v. | : | |
| PATRICK R. DONAHOE | : | NO. 13-1341 |

MEMORANDUM

SHAPIRO, J.                                                  APRIL 24, 2013

Plaintiff Cassandra Baker brings this action against Patrick R. Donahoe, the Postmaster General, pursuant to Title VII, 42 U.S.C. § 2000e et seq. She seeks to proceed in forma pauperis. The Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint because she has failed to articulate any facts in support of her claim. The dismissal is without prejudice to plaintiff filing an amended complaint.

I. FACTS

Plaintiff was previously employed by the United States Postal Service. She filed this action using the Court's form complaint for employment discrimination. By marking the appropriate locations on the form complaint, plaintiff indicated that she was discriminated against in the conditions of her employment and ultimately terminated because of her gender. Her attached exhibits reflect that she made a claim with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue Letter in January, 2013. She asks the Court to order the defendant to re-employ her or, in the alternative, grant appropriate equitable relief and damages.

## II. STANDARD OF REVIEW[1]

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). Thus, although the Court must construe plaintiff's allegations liberally because she is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), she must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1]The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. DISCUSSION

The Court will dismiss the complaint without prejudice to plaintiff filing an amended complaint because it fails to state a claim. To state a claim under Title VII, plaintiff must allege at least some facts reflecting that her employer discriminated against her based on her membership in a protected class, in this case, gender. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Fowler v. UMPC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("[T]he plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination.") (quotations omitted). Here, plaintiff has indicated, by checking the appropriate locations on the form complaint, that she was discriminated against based on her gender, but she failed to state any facts to support those assertions. Accordingly, the Court will dismiss her complaint for failure to state a claim. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an amended complaint so that she may cure the above deficiency. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In her amended complaint, plaintiff should state the facts that support her claim that her former employer discriminated against her

3

because of her gender.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to her filing an amended complaint. An appropriate order follows.